

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHN~~ ~~XXXXXX~~~~XXXX~~PPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 10, 1939

Honorable F. E. Rightor, Secretary
Texas State Board of Registration for
Professional Engineers
P. O. Box 23
Austin, Texas

Dear Sir:

Opinion No. O-1019
Re: Construction of Reciprocity
provision of Act Regulating
the Practice of Professional
Engineering.

This will acknowledge receipt of your letter of June 20,
1939, in which you submit for an opinion of this department, the
question therein contained. The question submitted, based upon
Senate Bill No. 74, Acts 1937, Regular Session of the 45th Legis-
lature, page 816, Chapter 404, same being Article 3271a, R. C. S.
of Texas, 1925, is as follows:

"Would you kindly advise if, in your opinion, it
is necessary that applicants for registration under
Section 21, and particularly those who present a certi-
ficate of qualification from the National Bureau of
Engineering Registration, must comply also with the
requirements of Section 13 that five references be
given, or, to ask the question in another way, is the
Board authorized to pass to registration, under Sec-
tion 21, applicants who present certificates of quali-
fication from the National Bureau without other sup-
porting evidence."

Section 13 of the Act reads as follows:

"Applications for registration shall be on forms
prescribed and furnished by the Board, shall contain
statements made under oath, showing the applicant's
education and a detailed summary of his technical
work, and shall contain not less than five (5) ref-
erences, of whom three (3) or more shall be engineers
having personal knowledge of his engineering experience.

"The registration fee for professional engineers shall be Twenty-five ($25.00) Dollars, Fifteen ($15.00) Dollars of which shall accompany the application, the remaining Ten ($10.00) Dollars to be paid upon issuance of certificate. When a certificate of qualification issued by the National Bureau of Engineering Registration is accepted as evidence of qualification, the total fee for registration as professional engineer shall be Ten ($10.00) Dollars."

Section 21, known as the Reciprocity provision of the Act, provides that:

"The Board may, upon application therefor, and the payment of a fee of Ten ($10.00) Dollars, issue a certificate of registration as a professional engineer to any person who holds a certificate of qualification or registration issued to him by proper authority of the National Council of State Boards of Engineering Examiners, or of the National Bureau of Engineering Registration, or of any state or territory or possession of the United States, or any country provided that the requirements for the registration of professional engineers under which said certificate of qualification or registration was issued do not conflict with the provisions of this Act and are of a standard not lower than that specified in Section 12 of this Act."

The courts have had no occasion to pass upon your question. To answer it, therefore, we must read the whole Act, in the light of familiar rules of statutory construction, and determine therefrom whether the legislature intended to except persons making application under the Reciprocity provision of the Act, Section 21, from filing an application meeting the requirements of Section 13 of the Act.

There are other parts of the Act which aid in this respect. Section 10 of the Act reads as follows:

"The Board shall keep a record of its proceedings and register of all applications for registration, which register shall show (a) the name, age and residence of each applicant; (b) the date of the application; (c) the place of business of such applicant; (d) his educational and other qualifications; (e) whether or not an examination was required; (f) whether the applicant was rejected; (g) whether a certificate of registration was granted; (h) the date of the

action of the Board; and (i) such other information as
may be deemed necessary by the Board.

"The records of the Board shall be available to
the public at all times and shall be prima facie evi-
dence of the proceedings of the Board set forth there-
in, and a transcript thereof, duly certified by the
Secretary of the Board under seal, shall be admissible
in evidence with the same force and effect as if the
original was produced."

Since the Act requires that the record be one of "all
applications" received and that it contain certain specified in-
formation, the logical conclusion is that the legislature intended
that every applicant, without exception, file an application con-
taining that information. No mention is made of applications filed
under Section 21. Had the legislature intended to make an excep-
tion of the latter class, we think it would have so stated.

The legislature must have had some purpose in requiring
that the record be "available to the public at all times." If
an applicant under Section 21 were not required to furnish such
information, then that purpose, whatever it was, would be defeated.

Under the general requirements for registration, to which
there is no exception made in the Act, is included Section 12(o)
which reads in part:

"Provided, that no person shall be eligible for
registration as a professional engineer who is not of
good character and reputation; . . ."

The obvious purpose of the legislature in requiring letters of
reference (see Section 13) was to enable the board to satisfy it-
self as to the character and reputation of an applicant. The law
contemplates that the applicant be of good moral character at the
time he is registered. If an applicant under Section 21 were not
required to submit references, as set out in Section 13, the board
would have no basis upon which to judge the character of the ap-
plicant, as of the time of his registration.

The provisions of Section 13 itself, indicate that the
legislature intended that all applications should contain the same
information. The last sentence of Section 13 refers to the amount
of the fee to be paid by an applicant under Section 21, whose
certificate issued by the National Bureau of Engineering, is ac-
cepted as evidence of his qualification. It is to be observed
that this sentence is a part of the very section which also pro-
vides what shall be contained in an application. If the legislature

had intended that there be a difference between the applications in the two instances, we must presume it would have said so. Instead, it started Section 13 off with the word "applications", thus showing its intention that it be read "all applications".

For the foregoing reasons, it is our conclusion that an applicant for a certificate of registration as a professional engineer in Texas, seeking registration under Section 21 of the Act, must fully comply with the provisions of Section 13 of the Act.

It follows that, in the opinion of this department, applicants for registration under Section 21 of the Act under discussion must give five references as required by Section 13, or to answer your question phrased in the alternative, the Board is not authorized to pass to registration such applicants without requiring complete fulfillment of the minimum requirements set out for applications in Section 13 of the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ James Noel
James Noel
Assistant

JN:FL:IM

This opinion has been considered in conference, approved and ordered recorded.

/s/ Gerald C. Mann
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS